IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED GONZALES | § | |
|  FED. REG. I.D. 82633-180 | § | |
| v. | § | C.A. NO. C-08-008 |
| | § | |
| SHERIFF OSCAR LOPEZ, ET AL. | § | |

**ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE**

  This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983.

  Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

  Applying these standards, the Court retains plaintiff's denial of access to the courts claim against Lieutenant Gonzales, an officer employed by Jim Wells County Jail. The Court dismisses plaintiff's remaining claims against the remaining defendants for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

### I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Upon consent of the plaintiff, (D.E. 15), this case was referred to the undersigned to conduct all further proceedings, including entry of final judgment.  (D.E. 17); see also 28 U.S.C. § 636(c).

### II. BACKGROUND

Plaintiff is a federal prisoner who is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas.  However, his complaint concerns events that occurred while he was in custody at the Jim Wells County Jail.  He filed this lawsuit on January 7, 2008, raising First Amendment claims of denial of access to the courts against the following individuals: Oscar Lopez, the Jim Wells County Sheriff; Gracie Lopez, the Mayor of the City of Alice; Jim Wells County Court Commissioners Zenaida Sanchez, Ventura Garcia, Wallie Alaniz, and Javier Garcia; and John Does I-XXX.  (D.E. 1).  Plaintiff also named as defendant the Jim Wells County Jail.  Id.  A Spears[1] hearing was conducted on February 28, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

In August, 2007, plaintiff was in the custody of the Jim Wells County Jail in Alice, Texas, regarding an indictment charging him with capital murder in the 79th District Court of Jim Wells County, Texas.  While at the Jail, he was placed in solitary confinement, although his co-defendants, who were also charged with the same offense, were placed in general population.  Because he was segregated, plaintiff did not have the opportunity to go to the law library like a

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

general population inmate. (D.E. 1 at ¶ 18). Instead, he had to rely on jailers to bring him requested legal materials. Plaintiff testified that one jailer, Lieutenant Gonzales,[2] consistently denied him legal materials, thus hindering his ability to participate properly in his own defense or to otherwise assist his criminal defense counsel. He also claims that the law library was virtually nonexistent, and failed to contain adequate legal materials or a person knowledgeable in the law to assist inmates. He claims further that he was never provided with a copy of the written procedures to file grievances, nor did a librarian ever explain the process to him. (D.E. 1 at ¶ 16). He argues that, as a capital defendant, he has an interest in participating in his own defense and raising questions that his defense counsel might not research. (D.E. 1 at ¶ 21). Plaintiff contends that defendants' failure to provide an adequate law library and/or access to legal materials and legal assistance amounts to a violation of his First Amendment rights in violation of § 1983.

Plaintiff also complains that his placement in solitary confinement as a pretrial detainee violated his due process rights. He claims that there are no rules governing the decisions of being placed in solitary confinement, and therefore, he was prevented from receiving formal written responses to the grievances he filed. He argues also that his living conditions were harsh, severe, and constituted punishment. He claims he was provided only 37.5 square feet of living space. He complains that visiting and recreation hours were restricted. He complains that opportunities to meet with his defense counsel and to examine tapes and written documents to

---

[2] Plaintiff orally moved to amend his complaint to name Lieutenant Gonzales as a defendant, and he was granted leave to do so. Other than Lieutenant Gonzales, plaintiff was unable to name or describe any of the other John Doe defendants, or explain how they violated his constitutional rights.

prepare for trial were severely limited and were "all closely tied [to] the gross overcrowding." (D.E. 1 at ¶ 28).

Plaintiff claims that Lieutenant Gonzales denied him access to the courts by refusing to bring him requested legal materials. He claims that Sheriff Oscar Lopez, as superintendent of the Jail, is responsible for its day-to-day operations, and therefore liable for any civil rights violations that occur. He claims that Zenaida Sanchez, Ventura Garcia, Wallie Alaniz and Javier Garcia, as County Court Commissioners, are responsible for operating and maintaining the Jail. Additionally, he claims that Gracie Lopez, as the Mayor of Alice, is also ultimately responsible for what happens at the Jail because it is operated within the city. (D.E. 1 at ¶¶ 4-7). Finally, plaintiff also named as defendants thirty unidentified John Does who worked at the Jail. Id. He claims that defendants have conspired to violate his civil rights. He is suing defendants in their individual and official capacities and seeks both compensatory and punitive damages, as well as declaratory relief that his rights were violated.

### III.  DISCUSSION

**A.     Legal Standard.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must

be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff Cannot Sue A County Department Pursuant To Section 1983.**

Plaintiff has named the Jim Wells County Jail as a defendant. However, the Jail, as a department of Jim Wells County, does not enjoy a separate legal existence from the county, and as such, is not a proper party. Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (administrative departments of a Texas city or county are generally not capable of suing or being sued); Dillon v. Jefferson County Sheriff's Dep't, 973 F. Supp. 626, 627-28 (E.D. Tex. 1997) (same). The proper party is Jim Wells County. See Rideau v. Jefferson County, 899 F. Supp. 298, 301 n.6 (E.D. Tex. 1995). When a plaintiff names a defendant without the legal capacity to be sued, the plaintiff should be allowed to amend the complaint to name the proper defendant. See Darby, 939 F.2d at 314-15; Rideau, 899 F. Supp. at 301 n.6. Thus, Jim Wells County Jail is dismissed, and Jim Wells County is substituted as the proper party.

**C.     Pretrial Detainees May Not Be Punished For Alleged Crimes.**

Plaintiff is a pretrial detainee concerning the indictment in the 79th Judicial District Court. As such, he may not be punished for a crime for which he has not yet been convicted. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). Pretrial detainees held in jail are protected under the Due Process Clause of the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell, 441 U.S. at 535.

For a pretrial detainee, the analysis depends upon whether the claim is classified as a challenge to conditions of confinement or an "episodic act or omission." Scott v. Moore, 114

F.3d 51, 53 (5th Cir. 1997) (en banc). "A 'conditions of confinement' case is a '[c]onstitutional attack[ ] on general conditions, practices, rules, or restrictions of pretrial confinement.'" Id. (citation omitted). In that type of case, a constitutional violation exists only if the condition "is not reasonably related to a legitimate, non-punitive governmental objective." Id. (citation omitted). In contrast, where the harm is a particular act or omission by one or more officials, the case is characterized as an "episodic act or omission case" that is reviewed under a subjective deliberate indifference standard. Id. at 53-54; see also Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999).

Prison officials are entitled to deference regarding their security classification of pretrial detainees. The Supreme Court has explained that "[s]uch considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Bell, 441 U.S. at 540 n.23 (citations omitted).

**D.     Analysis Of Plaintiff's Claims.**

   **1.     Denial of access to the courts.**

Prisoners have a constitutionally protected right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)). The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance. Bounds, 430 U.S. at 824-28. However, prison officials have considerable discretion in providing legal

resources to prisoners.  Lewis, 518 U.S. at 356.  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per curiam) (citations omitted) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).  Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."  Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)) (emphasis in original).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819 (citation omitted).  In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury."  Chriceol, 169 F.3d at 317 (citing Lewis, 518 U.S. at 351-54); see also Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir.

1996) (per curiam) (plaintiff must establish that he suffered some prejudice due to the denial of access).

        **a.     Jim Wells County.**

As a unit of local government, Jim Wells County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality such as Jim Wells County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Monell, 436 U.S. at 694. Thus, in addition to the underlying claim of a violation of rights, municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).

Plaintiff has failed to allege any facts to suggest that Jim Wells County had an unconstitutional policy. Indeed, he testified that policies were in place, but that Lieutenant Gonzales refused to follow those policies. Consequently, he fails to state a claim against Jim Wells County. Accordingly, Jim Wells County is dismissed from this action.

        **b.     Lieutenant Gonzales.**

In this case, plaintiff claims that he repeatedly requested legal materials from Lieutenant Gonzales, but that this officer refused to bring him any legal materials. His criminal trial is scheduled for May 2008. His two co-defendants have already gone to trial, and both were found guilty of capital murder. Plaintiff argues that he desires to research points of law that his criminal defense lawyer might not focus on, and to otherwise participate fully in his defense. He

claims that Lieutenant Gonzales' actions have prejudiced him in his ability to prepare for his criminal trial.

The Court finds that plaintiff has stated sufficient prejudice in a nonfrivolous legal proceeding to survive § 1915A screening. Accordingly, the Court retains plaintiff's denial of access to the courts claim against Lieutenant Gonzales, and service shall be ordered on this defendant.

        **c.**        **Supervisory officials.**

As to the remaining individual defendants, plaintiff has failed to show that Sheriff Lopez, Mayor Lopez, the County Commissioners, or unidentified John Does personally participated in the deprivation of his right of access to the courts, or implemented an unconstitutional policy adversely affecting that access.

Section 1983 does not create supervisory, or *respondeat superior* liability. Oliver, 276 F.3d at 742. Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983. Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)). Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury. Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff fails to allege personal involvement by Oscar Lopez, Gracie Lopez, Zenaida Sanchez, Ventura Garcia, Wallie Alaniz or Javier Garcia, nor does he suggest that these supervisory defendants enacted unconstitutional policies or procedures. As such, he fails to state

a claim of denial of access to the courts against these defendants, and his first amendment claims against these individuals are dismissed with prejudice.

    **2.**    **Solitary confinement as punishment.**

Plaintiff argues that his placement in solitary confinement amounts to punishment without due process. However, the Fifth Circuit has held that, regardless of whether a prisoner is a pretrial detainee or a convicted prisoner, solitary confinement will not rise to the level of a constitutional deprivation unless extraordinary circumstances are demonstrated. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996).

Plaintiff is charged with capital murder, the most serious offense in the Texas Penal Code. It was reasonable for jail officials to segregate plaintiff from the general jail population and his co-defendants. Indeed, when plaintiff inquired about being housed in a dorm, Captain Saenz told him that, due to the classification of his criminal case, he could not be "put just anywhere." Similarly, the state court judge told plaintiff and his defense counsel that plaintiff was in administrative segregation because of the security risks that he posed as well as the need to keep him from interacting with his co-defendants. Either reason is a valid basis for housing plaintiff in segregation. See, e.g., Jones v. Brown, 300 F. Supp.2d 674, 679 (N.D. Ind. 2003) ("Not every placement of a pre-trial detainee in segregation constitutes punishment, and the segregation of a pre-trial detainee for legitimate security reasons without a hearing does not violate due process.") (citing Zarnes v. Rhodes, 64 F.3d 285, 291 n.5 (7th Cir. 1995)). This claim is without merit.

### 3. Overcrowding in the jail.

Plaintiff alleges that his cell was too small, and that the jail was over-crowded, leading to less personal or legal visits, and less recreational time outside of his cell.

The Fifth Circuit has explained that "[w]hile the Constitution does not require that custodial inmates be housed in comfortable prisons, the Eighth Amendment's prohibition against cruel and unusual punishment does require that prisoners be afforded 'humane conditions of confinement' and prison officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care." Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825 (1994)); accord Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004) (citing Farmer, 511 U.S. at 832). Pursuant to the Supreme Court's decision in Sandin v. Conner, however, the Court examines whether the complained of condition amounts to a significant and atypical hardship on the inmate in relation to the ordinary incidents of prison life. See 515 U.S. 472, 484 (1995).

Here, plaintiff was not housed at the jail for an extended period of time: he was there only for purposes of answering the indictment. Moreover, he has since been transferred, rendering his claims moot. See Edwards v. Johnson, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive relief becomes moot when inmate leaves the complained-of facility). His overcrowding, visitation, and recreation claims fail to allege constitutional violations.

### 4. International law claims.

Plaintiff argues that his rights have been violated pursuant to the International Covenant on Civil and Political Rights ("Covenant"), G.A. Res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16), U.N. Doc. A/6316, 999 U.N.T.S. 171; the Universal Declaration of Human Rights

("Declaration"), G.A. Res. 217A (III), U.N. Doc. A/810 (Dec. 10, 1948); and the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("Convention"), G.A. Res. 39/46, 1465 U.N.T.S. 80 (Dec. 10, 1984).

### a.     International Covenant on Civil and Political Rights.

Plaintiff cites to the Covenant to assert that the defendants violated his rights. (D.E. 1-2, at 2, 6, 8); (D.E. 11, at 2, 3). For example, he cites Article 14 to argue that he is entitled "[t]o have adequate time and facilities for the preparation of his defence and to communicate with counsel of his own choosing." Covenant, art. 14, ¶ 3(b). He further cites to Article 6 regarding the right to life and to Article 9 regarding the rights of the criminally accused.

The Supreme Court has explained that the Covenant "does bind the United States as a matter of international law." Sosa v. Alvarez-Machain, 542 U.S. 692, 735 (2004). However, because "the United States ratified the Covenant on the express understanding that it was not self-executing," the Covenant does not "create obligations enforceable in the federal courts." Id.; accord Martinez-Lopez v. Gonzales, 454 F.3d 500, 502 (5th Cir. 2006) (citation omitted). Moreover, the Fifth Circuit has determined that "individual plaintiffs do not have standing to raise any claims under" the Covenant. Dickens v. Lewis, 750 F.2d 1251, 1254 (5th Cir. 1984).

Accordingly, plaintiff's claim pursuant to the Covenant is dismissed for failure to state a claim.

### b.     Universal Declaration of Human Rights.

Plaintiff's claims pursuant to the Declaration are more vague. (D.E. 1-2, at 5-6). Regardless, as a matter of law, they must fail. In Sosa, the Supreme Court explained that "the Declaration does not of its own force impose obligations as a matter of international law." 542

U.S. at 734 (citation omitted); see also Martinez-Lopez, 454 F.3d at 502-03. Furthermore, plaintiff lacks standing pursuant to the Declaration to raise his individual claims. Dickens, 750 F.2d at 1254.

Accordingly, plaintiff's claim pursuant to the Declaration is dismissed for failure to state a claim.

      **c.     Convention Against Torture.**

Several courts have determined that the Convention is self-executing treating. Pierre v. Gonzales, 502 F.3d 109, 119 (2d Cir. 2007); Mironescu v. Costner, 480 F.3d 664, 666 (4th Cir. 2007); Renkel v. United States, 456 F.3d 640, 644 (6th Cir. 2006). Therefore, plaintiff cannot assert a private action based on any alleged violation of the Convention. Pierre, 502 F.3d at 119; Renkel, 456 F.3d at 644; White v. Paulsen, 997 F. Supp. 1380, 1385-87 (E.D. Wash. 1998).

Accordingly, plaintiff's claim pursuant to the Convention is dismissed for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's denial of access to the courts claim against Lieutenant Gonzales is retained on the Court's docket, and by separate order, service will be ordered on this defendant. Plaintiff's remaining claims against the remaining defendants are dismissed with prejudice for failure to state a claim. 28 U.S.C. § § 1915(e)(2)(B), 1915A(b)(1).

ORDERED this 17th day of March 2008.

                                      BRIAN L. OWSLEY
                                      UNITED STATES MAGISTRATE JUDGE