IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED GONZALES | § | |
| | § | |
| v. | § | C.A. NO. C-08-CV-008 |
| | § | |
| SHERIFF OSCAR LOPEZ, ET AL. | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

This is a civil rights action filed by a federal prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint concerns events that occurred while he was in custody at the Jim Wells County Jail. Pending is plaintiff's motion to amend his complaint. (D.E. 27).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Nilsen v. City of Moss Point, Miss., 621 F.2d 117, 122 (5th Cir. 1980). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, whether the amendment sought would be futile. Central Laborer's Pension Fund v. Integrated Elec. Services Inc., 497 F.3d 546, 556 (5th Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Plaintiff's motion for leave to amend does not specify what claims or defendants, if any, he wishes to add to his complaint. Plaintiff's brief in support of his motion, (D.E. 28), mentions only that he wishes to include the tort of "public nuisance." Id. at 11. This claim does not concern the violation of a right secured by the Constitution, or a law of the United States, and therefore is not cognizable in a § 1983 suit. See Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir.

1995) (per curiam).  It would be futile to grant plaintiff leave to add this claim.

Accordingly, plaintiff's motion to amend his complaint, (D.E. 27), is DENIED.

ORDERED this 14th day of April 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE