IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFRED GONZALES | § | |
| REG. NO. 82633-180 | § | |
| v. | § | C.A. NO. C-08-008 |
| | § | |
| RENE GONZALES | § | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Plaintiff claims that defendant interfered with the exercise of his First Amendment right of

access to courts. (D.E. 1). Defendant moves for summary judgment on the ground that

plaintiff's claim is without merit. (D.E. 37). Plaintiff has not responded.[1] For the reasons stated

herein, defendant's motion for summary judgment is hereby GRANTED.

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28

U.S.C. § 1331. Upon consent of the parties, (D.E. 15, 32), this case was reassigned to a

magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 33);

see also 28 U.S.C. § 636(c).

**II. BACKGROUND**

At all times relevant to the facts of this lawsuit, plaintiff was incarcerated at the Jim

Wells County Detention Center, although he is currently incarcerated at USP Florence in

Florence, Colorado. He filed suit on January 7, 2008, naming as defendants: (1) Oscar Lopez,

sheriff of Jim Wells County; (2) Gracie Lopez, mayor of Alice, Texas; (3) Zenaida Sanchez and

other county commissioners of Jim Wells County; (4) Jim Wells County and the city of Alice,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

Texas; and (5) thirty John Does.  (D.E. 1).  He claimed that defendants had acted to deprive him of his rights under the International Covenant on Civil and Political Rights, had violated the Convention against Torture, and had interfered with his constitutional right of access to courts. (D.E. 1).

On March 17, 2008, following a Spears hearing,[2] the Court issued an order dismissing plaintiff's claims against all defendants except for his denial of access to courts claim against Rene Gonzales.  (D.E. 23).  On August 21, 2008, defendant filed his motion for summary judgment.  (D.E. 37).

### III.  SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of his motion for summary judgment, defendant offers the following:

Ex. 1:  Affidavit of Captain Sandra Salas;

Ex. 2:  Affidavit of defendant Rene Gonzales;

Ex. 3:  Certified copies of the Amended Motion to Dismiss and Order of Dismissal in the criminal case involving plaintiff; and

Ex. 4:  Affidavit of Jim Wells County District Attorney Tom Turner.

(D.E. 37, Exs. 1-4).

The following facts are not in dispute:

On December 18, 2007, at approximately 7:34 p.m., plaintiff was booked into the Jim Wells County Jail.  (D.E. 38, at 54).  He was taken into custody at the Jim Wells County Jail pursuant to a writ of habeas corpus ad prosequendum for a capital murder charge in the 79th

---

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Judicial District Court in Jim Wells County.  Id. at 66. While he was incarcerated at the jail,

plaintiff approached defendant and requested access to the law library.  (D.E. 37, Ex. 1, at 2).

Defendant informed him that the jail did not have a law library but that he could contact his

counsel in order to get access to legal materials.  Id.  Plaintiff had been appointed counsel to

represent him in his pending criminal case.  (D.E. 37, Ex. 4, at 5).  On March 17, 2008, the State

moved to dismiss the capital murder charge, and on March 18, 2008, the trial court granted the

motion.  Id. at 7-8.

On December 20, 2007, plaintiff filed an inmate communication form complaining that

defendant would not have his documents notarized unless they could be read first.  (D.E. 37, Ex.

1, at 4).  On January 17, 2008, he received a response indicating that jail policy was that

documents to be notarized by jail staff must first be read, but that he also had the option to have

his attorney notarize his documents.  Id.  The defendant does not dispute that plaintiff exhausted

his administrative remedies.  See (D.E. 37).

## IV.  DISCUSSION

**A.     Summary Judgment Standard Of Review.**

Summary judgment is appropriate when there is no disputed issue of material fact, and

one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider

the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in

the light most favorable to the non-movant.  Caboni v. General Motors Corp., 278 F.2d 448, 451

(5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an

absence of a genuine issue of material fact and informing the court of the basis for its motion by

identifying those portions of the pleadings, depositions, answers to interrogatories, admissions

on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted

evidence must be viewed in the light most favorable to the non-movant, and all reasonable

doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871,

888 (1990).

        If the moving party makes the required showing, then the burden shifts to the non-movant

to show that a genuine issue of material fact remains for trial.  Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183,

1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings,

but must establish that there are material controverted facts in order to preclude summary

judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Summary judgment is proper if the non-movant fails to make a showing sufficient to establish

the existence of an element essential to his case on which he bears the burden of proof.  Celotex,

477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

**B.      Plaintiff Cannot Assert A Claim Against Defendant In His Official Capacity.**

        Plaintiff has sued defendant in his official and individual capacity for money damages.  A

suit against a prison employee in his official capacity is the same as a suit against the entity the

employee represents.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  The Eleventh

Amendment bars a suit for money damages against a state or state agency.  See Seminole Tribe

of Florida v. Florida, 517 U.S. 44, 54 (1996).  A judgment may not be entered against a state

4

officer in his official capacity for violating federal law in the past.  Puerto Rico Aqueduct &

Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).

　　　　To the extent plaintiff is suing defendant in his official capacity for money damages, that

claim is barred by the Eleventh Amendment, and is dismissed.

**C.**　　　**Plaintiff's Claim Is Without Merit.**

　　　　Plaintiff alleges that defendant denied him his constitutional right of access to the courts

because he refused to provide him with requested legal materials, so that he could not assist in

the preparation of his criminal defense.  (D.E. 23, at 3, 8-9).

　　　　 Prisoners have a constitutionally protected right of access to the courts.  See Lewis v.

Casey, 518 U.S. 343, 346 (1996) (citing Bounds v. Smith, 430 U.S. 817, 828 (1977)).  The right

does not guarantee any "particular methodology but rather the conferral of a capability – the

capability of bringing contemplated challenges to sentences or conditions of confinement before

the courts."  Id. at 356; see also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (per

curiam) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging

convictions or conditions of confinement) (citation omitted).  Because the right of access is not a

"freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial

of access to the courts.  Lewis, 518 U.S. at 351; see also Chriceol v. Phillips, 169 F.3d 313, 317

(5th Cir. 1999) (per curiam).  Without a showing of an actual injury, a plaintiff lacks standing to

pursue a claim of denial of access to the courts.  See Lewis, 518 U.S. at 349.

　　　　To meet the standing requirement, plaintiff "must allege *personal injury* fairly traceable

to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief."

Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984))

(emphasis in original).  Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him."  Id. at 819 (citation omitted).  Specifically, to succeed on a claim of denial of access to the courts, plaintiff must show that he lost an actionable claim, or was prevented from presenting such a claim because of the alleged denial.  See Lewis, 518 U.S. at 356.  He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access.  Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996) (per curiam) (citation omitted).

Defendant moves for summary judgment on the ground that plaintiff's claim is without merit.  In support of his motion, he submits evidence that plaintiff was represented by counsel and was told repeatedly that he could obtain access to legal materials by requesting them from counsel.  See (D.E. 37, Ex. 2); (D.E. 37, Ex. 4, at 5).  This uncontroverted evidence establishes that plaintiff indeed had access to "legal assistance" – the services of defense counsel.  See Lewis, 518 U.S. at 366 (right of access to courts is satisfied by "*adequate* assistance from persons trained in law") (quoting Bounds, 430 U.S. at 828) (emphasis in original).  A law library is not the sole constitutional means of providing prisoners with the means to litigate their claims; it is merely one constitutional option.  See id., at 350-51.  Therefore, plaintiff was not entitled to a law library; moreover, he offers no evidence showing that the defendant in any way prevented him from communicating with counsel.  In fact, the record shows that plaintiff was repeatedly told that he could contact his defense counsel, and that, at least once, he actually received a phone call from counsel.  See (D.E. 37, Ex. 1); (D.E. 38, at 82).  Accordingly, as the uncontroverted evidence shows that plaintiff had access to legal assistance, and because no

evidence shows that defendant interfered with that access, plaintiff has failed even to establish the first prong of the test for denial of access to the courts.

Moreover, even if plaintiff had shown that he was denied legal assistance or access to legal materials, he has failed to demonstrate prejudice.  The capital murder charges pending against him in the 79th Judicial District Court have been dismissed for lack of evidence.  (D.E. 37, Ex. 4, at 7-8.)  Because the criminal charges against him have been dismissed, plaintiff has not shown that any interference on the part of defendant hampering his access to legal assistance or materials has "prejudiced his position as a litigant." Eason, 73 F.3d at 1328.  Accordingly, he fails to show that he has suffered actual injury due to the defendant's actions, and he fails to satisfy the standing requirement for a claim of denial of access to the courts.

Because the uncontroverted evidence establishes that plaintiff had access to legal assistance, and because he fails to show that he suffered actual injury as a result of any action by defendant, he has failed to establish that he is entitled to relief for his claim of denial of access to the courts, and his claim is denied.

## V.  CONCLUSION

For the reasons stated herein, defendant's motion for summary judgment, (D.E. 37), is GRANTED.  Plaintiff's claims against defendant Rene Gonzales are dismissed with prejudice.

ORDERED this 21st day of November 2008.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE